IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL REESE,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-0452 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **PATRICIA GINOCCHETTI, et al.,** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### I.   Introduction

Plaintiff, Darrell Reese, an inmate confined at the State Correctional Institution in Dallas ("SCI-Dallas"), Pennsylvania, commenced this action with a *pro se* civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Defendants are SCI-Dallas Superintendent James T. Wynder, SCI-Dallas Health Care Administrator Patricia Ginnochetti, and Chief Grievance Coordinator Sharon Burks.  Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs related to his broken finger, in violation of the Eighth Amendment proscription of cruel and unusual punishment.  Presently pending is Defendants' motion to dismiss Plaintiff's complaint (Doc. 12).  The motion has been fully briefed, and it is ripe for disposition.  For the following reasons, the motion will be granted.

### II.   Discussion

#### A.  Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  In *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996), the United States Court of Appeals for the Third

Circuit added that when considering a motion to dismiss . . . a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims."  Moreover, a motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  *Lum v. Bank of America*, 361 F.3d 217, 223 (3d Cir. 2004).  The Court should consider the allegations in the complaint, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents.  *See Angstadt v. Midd-West School Dist.*, 377 F.3d 338, 342 (3d Cir. 2004); *Pension Guar. Corp. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).  Nevertheless, the Court is mindful that *pro se* complaints are to be liberally construed.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B.  Eleventh Amendment Immunity

To state a viable § 1983 claim, Plaintiff must establish (1) that the alleged wrongful conduct was committed by a "person" acting under color of state law, and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000).  Both elements must be present to sustain a § 1983 action.  It is well-settled that neither a state nor its agencies are considered a "person" as that term is defined under § 1983 and, therefore, are not subject to § 1983 suit.  *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991).  In *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court reiterated its position that state agencies are not "persons" subject to liability in § 1983 actions brought in federal court.  The Court noted that a § 1983 suit against a state official's

2

office was "no different from a suit against the State itself." *Id.* at 71. "*Will* establishes that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal or state court." *Howlett v. Rose*, 496 U.S. 356, 365 (1990).

After *Will*, the Third Circuit Court of Appeals held that in determining whether a state agency is entitled to Eleventh Amendment immunity, a federal court should consider: (1) whether the state would be responsible for the payment of any judgment rendered against the agency; (2) the source of the agency's funding; and (3) the degree of autonomy enjoyed by the agency, as well as other similar factors. *Bolden v. Southeastern Pennsylvania Transp. Auth.*, 953 F.2d 807, 818 (3d Cir. 1991).

In this case, payment of any judgment rendered against the Defendants would have to be paid out of the Pennsylvania state treasury. Furthermore, Defendants receive all of their funding from the state, and they do not enjoy any measure of autonomy. Therefore, under *Will* and *Bolden*, Defendants are not "persons" for the purpose of § 1983 and, therefore, not properly named defendants.

### C. Deliberate Indifference

Plaintiff also fails to establish a right, privilege or immunity which has been abridged by Defendants. The Constitutional issue implicated in this case is the Eighth Amendment requirement that prison officials provide adequate medical care to inmates, and make reasonable efforts to assure prisoner health and safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). That duty is violated when prison officials know of and disregard an excessive risk to inmate health or safety. Id. at 837. Not every illness or injury enjoys constitutional protection; only serious medical needs or injuries will give rise to constitutional scrutiny.

*Gerber v. Sweeney*, 292 F.Supp.2d 700, 706 (E.D. Pa. 2003).

In *Estelle v. Gamble*, 429 U.S. 97 (1976), as here, the prisoner/plaintiff claimed that inadequate medical treatment violated his Eighth Amendment protection from cruel and unusual punishment.  The Supreme Court acknowledged that the government has an obligation to provide medical care to its prisoners, but held that a constitutional violation does not occur unless the Plaintiff can show Defendants had a "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain."  *Id.* at 104 (citation omitted).  Plaintiff fails to establish that any of the Defendants were deliberately indifferent to serious medical needs.

It is well-established that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondent superior."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3d Cir. 1988).  The personal involvement requirement can be satisfied by a showing of "personal direction or of actual knowledge and acquiescence."  *Id.*; *Pansy v. Preate*, 870 F. Supp. 612, 630 (M.D. Pa. 1994), *aff'd mem.*, 61 F.3d 896 (3d Cir. 1995).  Nevertheless, an official who actually knew of a substantial risk to inmate health or safety will not be liable where the official acted reasonably in response, even if the harm ultimately ensues.  *Id.* at 844.  Further, a non-physician defendant will not be liable for deliberate indifference where the inmate is receiving treatment by the prison's medical staff.  *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

Attached to Plaintiff's complaint is a copy of an initial response (Doc. 1 at 6) by Ginnochetti to Plaintiff's grievance # 100174, related to his injury at issue in the instant case.  A review of the response supports a conclusion that Plaintiff suffered a series of

4

injuries to his hands and fingers, and that he received medical treatment each time he complained of the injuries.  On September 20, 2004, Plaintiff was treated by a Physicians Assistant ("PA") for an injury to his right middle finger suffered the day before.  (*Id.*)  He also complained of an injury to his left index finger which occurred a few weeks prior.  (*Id.*)  Plaintiff was "thoroughly evaluated," medication was ordered, and he was told to "return to sick call, if necessary."  (*Id.*)  Subsequently, Plaintiff returned to sick call on October 4, 2004, for an injury to his hand and finger suffered on October 3, 2004.  (*Id.*)  Again, Plaintiff was fully evaluated, an x-ray was ordered, and a "specialty referral was made."  (*Id.*)  Plaintiff was seen by an orthopedic specialist on October 14, 2004, and a cast was applied.  (*Id.*)  Upon review of the complaint and the attachments, there is nothing to implicate these Defendants in any acts of deliberate indifference to Plaintiff.  The record is devoid of evidence or an inference that the Defendants disregarded a substantial risk to Plaintiff's serious medical condition, or that they knowingly acquiesced in any substandard treatment to Plaintiff.

Further, the complaint and attachments support a conclusion that Defendants were first aware of Plaintiff's complaints on or after October 28, 2004, when he filed his grievance.  (*See* Doc. 1 at 5.)  Thus, Defendants were not aware of the complaints until two weeks after Plaintiff was seen by an orthopedic specialist for evaluation.

Moreover, Plaintiff's grievance attached to his complaint (Doc. 1 at 5) sets forth a claim that "medical staff was **negligent** to my medical need/care . . . ."  (*Id.*) (emphasis added).  A complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical

5

mistreatment under the Eighth Amendment [as] medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. If inadequate treatment results simply from an error in medical judgment, there is no constitutional violation. *Id.* "[A]s long as a physician exercises professional judgment [her] behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). Although Plaintiff claims that the specialist questioned Plaintiff's prior treatment, one doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990).

Furthermore, Plaintiff has not set forth any evidence to support a conclusion that Defendants were deliberately indifferent to his serious medical needs, and the complaint and attachments support a conclusion that Plaintiff was promptly treated for his ailments. Therefore, Plaintiff's complaint will be dismissed. An appropriate Order follows.

Dated: March 8, 2006                                               /s/ A. Richard Caputo
                                                                                  A. RICHARD CAPUTO
                                                                                  United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL REESE,** | : | |
| | : | |
| Plaintiff, | : | **CIVIL NO. 3:CV-05-0452** |
| | : | |
| v. | : | **(Judge Caputo)** |
| | : | |
| **PATRICIA GINOCCHETTI, et al.,** | : | |
| | : | |
| Defendants. | : | |

### O R D E R

**AND NOW, THIS 8th DAY OF MARCH, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion to dismiss Plaintiff's complaint (Doc. 12) is **GRANTED.**

2. The Clerk of Court is directed to **CLOSE** this case.

3. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

      /s/ A. Richard Caputo
     A. RICHARD CAPUTO
     United States District Judge