IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DARRELL REESE,** | : | |
| **Plaintiff,** | : | CIVIL NO. 3:CV-05-0452 |
| v. | : | (Judge Caputo) |
| **PATRICIA GINOCCHETTI, et al.,** | : | |
| **Defendants.** | : | |

## O R D E R

Plaintiff, Darrell Reese, an inmate at the State Correctional Institution in Dallas, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  By Order dated March 8, 2006 (Doc. 24), this Court granted Defendants' motion to dismiss Plaintiff's complaint.  Presently before the Court is Plaintiff's motion to vacate the Court's Order dismissing his complaint.  The motion will be construed as a motion for reconsideration and, since this Court finds that Plaintiff has failed to provide the evidence required for a successful motion for reconsideration, his motion will be denied.

A motion for reconsideration is a device of limited utility, and it permits the district court to reconsider its prior judgment.  *Hairston v. Alert Safety Light Products*, 307 F.3d 717 (8th Cir. 2002).  It may be used only to correct manifest errors of law or fact, or to present newly discovered precedent or evidence which, if discovered previously, might have affected the Court's decision.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  It has also been held that a motion for reconsideration is appropriate in instances such as where the Court has ". . . misunderstood a party, or has made a decision outside the

adversarial issues presented to the court by parties, or has made an error not of reasoning, but of apprehension." *See Rohrbach v. AT & T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In his pending motion, Plaintiff fails to demonstrate a change of law, new evidence, or a need to correct clear error of law that indicates his previous claim merits reconsideration. In the Order dismissing Plaintiff's complaint, the Court concluded that Plaintiff failed to state a viable claim for deliberate indifference to medical needs. Moreover, since the Court concluded that the complaint could not establish entitlement to relief under any reasonable interpretation, the complaint was properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002). In his pending motion, Plaintiff simply reargues his previous issues. However, the arguments set forth do not present "newly discovered evidence which, if discovered previously, might have affected the court's decision" *Harsco Corp.*, 779 F.2d at 909, and Plaintiff fails to present other arguments to support his claim for reconsideration. Ultimately, Plaintiff merely wants this Court to rethink its earlier decision. *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993) (a motion for reconsideration is *not* properly grounded on a request that a court rethink a decision already made). Consequently, Plaintiff's motion will be denied.

2

**ACCORDINGLY, THIS 23rd DAY OF MARCH, 2006, IT IS HEREBY ORDERED**

**THAT** Plaintiff's motion for reconsideration (Doc. 25) is **DENIED**.

                                          /s/ A. Richard Caputo
                                          A. RICHARD CAPUTO
                                          United States District Judge